**Kristofer Michael SENECA, also known as Bradley Wayne Strickland, Petitioner—Appellant,**

v.

**Terry L. STEWART; et al., Respondents— Appellees.**

**No. 03–15109.**

**D.C. No. CV–00–01515–SRB/VAM.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2003.

Decided Oct. 31, 2003.

Kristofer Michael Seneca, pro se, Florence, AZ, for Petitioner–Appellant.

Florence M. Bruemmer, Esq., Phoenix, AZ, for Petitioner–Appellant.

Diane M. Ramsey, Esq., Robert A. Walsh, Attorney General's Office, Phoenix, AZ, for Respondents–Appellees.

Before BEEZER, FISHER, Circuit Judges, and ENGLAND,* District Judge.

---

* The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

## MEMORANDUM **

Kristofer Michael Seneca, an Arizona state prisoner, appeals the district court's denial of his *pro se* habeas corpus petition under 28 U.S.C. § 2254. In that petition, Seneca challenges his conviction for attempted child molestation both on double jeopardy grounds and on grounds that he received ineffective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review *de novo* a district court's denial of a habeas petition, *Koerner v. Giros,* 328 F.3d 1039, 1045–46 (9th Cir. 2003), and we affirm.

■ In arguing double jeopardy, Seneca contends that his attempted child molestation conviction is barred because he previously had been acquitted of solicitation charges involving the same allegations of sexual misconduct. The Arizona Court of Appeals rejected this claim on direct appeal. The state court correctly recognized *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) as the controlling federal law. Under *Blockburger,* "[a] single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." *Id.* at 304, 52 S.Ct. 180. The Court of Appeals then concluded that the elements of attempt and solicitation differ under Arizona law, relying on *State v. Fristoe,* 135 Ariz. 25, 658 P.2d 825, 831 (Ariz.Ct.App.1982). We must defer to such determinations of state law. *Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). As a result, the state court's application of *Blockburger* was reasonable, and the district court properly denied habeas relief on this ground. 28 U.S.C. § 2254(d)(1).

■ In addition to claiming double jeopardy, Seneca also contends that related principles of collateral estoppel bar his prosecution for attempted child molestation. Seneca asserts that his directed verdict of acquittal on solicitation charges necessarily entailed factual findings that cannot be relitigated. The Arizona Court of Appeals rejected this claim as well, concluding that the trial court's directed verdict was based on the fact that the defendant solicited a third party to engage in sexual conduct and that such finding was not at issue in the second trial. This conclusion was not an unreasonable application of federal law, nor an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d)(1) & (2); *see Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).

■ Seneca next claims that his trial counsel was ineffective on numerous grounds, including counsel's refusal to call certain witnesses and his alleged failure 1) to object to certain trial testimony; 2) to argue prosecutorial vindictiveness; and 3) to challenge allegedly inadequate jury instructions. Seneca has not shown, however, that the representation he received fell below an objective standard of reasonableness. He also has not demonstrated any reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings against him would have been any different. In the absence of such a showing, Seneca's ineffective assistance of counsel claims fail. *Strickland v. Washington,* 466 U.S. 668, 693–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Seneca's claims of ineffective assistance of appellate counsel must also be measured by *Strickland* standards. *Tur-*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*ner v. Calderon,* 281 F.3d 851, 872 (9th Cir.2002). Seneca has not shown that appellate counsel's alleged shortcomings can withstand scrutiny under *Strickland,* and consequently Seneca's ineffective assistance of appellate counsel claims also cannot be sustained. Those claims include appellate counsel's alleged failure 1) to argue that the sentence he received constituted cruel and unusual punishment under the Eighth Amendment; 2) to raise certain sentencing issues under Arizona law; 3) to object to the admission of "prior bad act" evidence under Arizona Rule of Evidence 404(b); and 4) to raise unspecified First Amendment concerns.

With respect to Seneca's motion for an expanded certificate of appealability to encompass claims premised on insufficiency of the evidence, the district court already rejected Seneca's request for inclusion of those claims by its order dated January 17, 2003. Pursuant to Federal Rule of Appellate Procedure 22, we considered Seneca's renewed request and denied his motion at the time of oral argument.

In sum, the district court properly denied Seneca's petition. *See* 28 U.S.C. § 2254(d); *Lockyer v. Andrade,* 538 U.S. 63, 123 S.Ct. 1166, 1174, 155 L.Ed.2d 144 (2003).

AFFIRMED.